**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

| | |
|---|---|
| RAMON DE LA CRUZ : | |
| 102 Spruce Lane : | |
| New Providence, PA 17560 : | |
|       Plaintiff : | |
| v. : | Civil Action No. _____ |
| DART CONTAINER CORPORATION : | |
| 500 Hogsback Road : | |
| Mason, MI 48854-8523 : | |
|   and : | |
| DART CONTAINER CORPORATION : | |
|   OF PENNSYLVANIA : | |
| 60 East Main Street; P.O. Box 546 : | |
| Leola, PA 17540 : | |
|       Defendants : | |

---

**CIVIL COMPLAINT**

Plaintiff, Ramon De La Cruz, by and through his attorneys, The Derek Smith Law Group, PLLC, hereby bring this civil action pursuant to the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et. seq.,* and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, *et. seq.*, and seek relief from discrimination, disparate treatment, hostile work environment, and retaliation related to Plaintiff's employment with Dart Container Corporation and/or Dart Container Corporation of Pennsylvania. Plaintiff alleges and avers:

**Parties**

1. Plaintiff, Ramon De La Cruz (hereinafter "Plaintiff"), is an adult Hispanic or Latino male individual, fifty (50) years of age, and an immigrant from the Dominican Republic, who resides at the above captioned address, and at all times relevant, was employed by Dart Container Corporation and/or Dart Container Corporation of Pennsylvania.

1

2. Defendant, Dart Container Corporation, purports to be the world's largest manufacturer of foam cups and containers, producing as many as all its competitors combined. It is a privately held company, owned by the Dart family. Defendant, Dart Container Corporation, has corporate headquarters at 500 Hogsback Road, Mason, MI 48854, but has manufacturing facilities existing and doing business under the laws of the Commonwealth of Pennsylvania, including in Leola, Pennsylvania where Plaintiff worked, 60 East Main Street; P.O. Box 546, Leola, PA 17540. At all times relevant, Defendant, Dart Container Corporation, was Plaintiff's employer.

3. Defendant, Dart Container Corporation of Pennsylvania, is an entity and/or organization existing and doing business under the laws of the Commonwealth of Pennsylvania, with a manufacturing facility where Plaintiff worked, 60 East Main Street; P.O. Box 546, Leola, PA 17540. At all times relevant, Defendant, Dart Container Corp. of Pennsylvania, was Plaintiff's employer. Defendant, Dart Container Corporation of Pennsylvania, is believed to have a registered agent at Registered Agent Group, Inc., 1001 State Street, Suite 1400, Erie, PA 16501.

4. Defendant, Dart Container Corporation, and Defendant, Dart Container Corporation of Pennsylvania, (hereinafter jointly and/or individually referred to as "Defendants") agreed, accepted, adopted, acquiesced, and/or otherwise are bound by the actions, omissions, and conduct of its owners, managers, supervisors, employees, and agents.

**Jurisdiction and Venue**

3. This Court has subject matter jurisdiction over this matter as it involves a Federal Question, 28 U.S.C. §1331, and the Court maintains supplemental jurisdiction, 28 U.S.C. §1367, over the Pennsylvania state law causes of action.

4.  Venue is appropriate before this Court as all parties reside in the Eastern District of Pennsylvania and all actions and omissions giving rise to this litigation occurred in the Eastern District of Pennsylvania (i.e. Berks, Bucks, Chester, Delaware, Lancaster, Lehigh, Montgomery, Northampton, and Philadelphia).

5.  Furthermore, Plaintiff has exhausted administrative remedies by having filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") (Charge No. 530-2023-0070) and the Pennsylvania Human Relations Commission ("PHRC"), and Plaintiff received a Notice of Right to Sue on December 29, 2022.

**Summary of Facts**

6.  Plaintiff worked for Defendants for six (6) years, and most recently as a "Package Inspector Two", for which he earned around $23.00 an hour plus overtime pay and benefits, including a 401K.

7.  The facility where Plaintiff worked for Defendants had over a thousand workers, but at the specific building where Plaintiff worked, Building #3, had about 30 workers.

8.  Defendants do not have a Union at this facility where Plaintiff worked.

9.  Plaintiff had a generally clean disciplinary record and good performance history.

10. Plaintiff worked 4:00 P.M. to 12:00 A.M.—midnight on a rotating schedule.

11. Plaintiff maintains that when he began work for Defendants, the workforce was primarily Hispanic or Latino, but by the time he was being terminated, the Hispanic or Latino workers were significantly fewer in number and Asian and other workers greater represented.

12. Plaintiff was supervised by Defendants' "Supervisors of Production", which included Robert (Last Name Unknown) a Caucasian American male, and Su Xionj an Asian/Vietnamese male. Robert (LNU) was relatively new, and Mr. Xionj longer tenured.

13. On information and belief, these Supervisors of Production did not hire Plaintiff.

14. Mr. Xionj was hard on Hispanic and Latino workers, and disparately treatment them with reprimands, including over strictness on performance, use of safety equipment, glasses, headsets, and other matters.

15. It is alleged and believed Mr. Xionj terminated Hispanic and Latino workers at a higher frequency than other races/nationalities and replaced them with Asian and non-Hispanic and non-Latino workers.

16. Mr. Xionj is/was believed to be in a romantic relationship with Nazhat Khalel (Iraq, Middle East, Persian, or unknown descent, female), that worked as a Machine Operator.

17. Although Ms. Khalel had no supervisory duties, she often ordered Plaintiff and other Hispanic/Latino workers to do work and treated them harshly and negatively.

18. Ms. Khalel yelled at Hispanic and Latino workers in front of others.

19. Plaintiff complained to Mr. Xionj that Ms. Khalel was acting like a supervisor and discriminating and mistreating him and other Latino/Hispanic workers.

20. Mr. Xionj did nothing in response.

21. In January of 2022 or early 2022, at the Plaintiff's next performance evaluation, Plaintiff received a negative review, which criticized Plaintiff's attitude.

22. Defendants' Human Resources worker Nina Gonzalez (Hispanic female) issued the Plaintiff's review, but Ms. Gonzalez told Plaintiff that it was Mr. Xionj that had her issue the review and she did not agree. Ms. Gonzalez voluntarily separated and quit before the required individual meeting with Plaintiff to discuss the review.

23. Plaintiff complained about the review, about being discriminated against as a Hispanic / Latino / and non-American citizen (i.e. Dominican), and about Ms. Khalel's conduct.

24. On information and belief, Hispanic/Latino employees also complained about the same, including Ana Reyna and Luis Manuel Becesioso.

25. On June 9, 2022 Plaintiff attended a meeting with Human Resources, Mr. Xionj, Ms. Khalel, and General Manager Ariana (Last Name Unknown).

26. Plaintiff reiterated his complaints, but nothing was done as a result of the meeting.

27. Mr. Xionj, however, became harsher towards Plaintiff and Hispanic, Latino, and non-American citizens.

28. Plaintiff was terminated on September 13, 2022 for allegedly having pushed or shoved Ms. Khalel; which Plaintiff denies.

29. It is believed there is security video of Defendants' facility and Plaintiff asked Defendants to review the security video, but it is believed Defendants did not view the video.

30. Defendants then produced two witnesses against Plaintiff, but one of them, Alexander (Last Name Unknown), told Plaintiff he was pressured to be a witness to keep his job.

31. Plaintiff maintains that he was terminated due to a fabrication, and as a result of discrimination, disparate treatment, and/or retaliation.

32. There have been employees in fights and arguments in which police have been called to the Defendants' building, and were not terminated.

33. Luis Manuel Becesioso (Hispanic male) the other Hispanic/Latino male that complained about discrimination was also terminated by Defendants.

34. Plaintiff alleges and believes Mr. Becesioso was similarly discriminated against and retaliated against.

35. On information and belief, Defendants replaced Plaintiff as Package Inspector Two with a person outside Plaintiff's protected classes, and/or distributed Plaintiff's work duties and responsibilities to persons outside Plaintiff's protected class(es).

36. Plaintiff alleges to the extent Defendant, Dart Container Corporation, is not involved in day-to-day operations and decisions at Plaintiff's facility, it has failed to implement or provide adequate oversight or rules to prevent the discrimination and retaliation Plaintiff endured.

**COUNT ONE**
*Race, Ethnicity, Color, and National Origin -* **Discrimination and Disparate Treatment**
*Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et. seq.*
**Plaintiff v. Defendants**

37. Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

38. Defendants is/are an employer under 42 U.S.C. § 2000 *et. seq* as it/they is/are engaged in an industry affecting commerce that has 15 or more employees for each working day in each of 20 or more calendar weeks, in the current or preceding calendar year.

39. Plaintiff is a person and has a protected class in that he is Hispanic, Latino, and a Dominican citizen by birth (i.e. Nationality).

40. Under 42 U.S.C. § 2000e-2. *[Section 703(a)]* "It shall be an unlawful employment practice for an employer – (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin…"

41. Defendants discriminated and disparately treated Plaintiff, by and through its officers, managers, and supervisors, as follows:

    a. Disparate discipline and implementation of rules and reprimands when similarly situated persons outside Plaintiff's protected class were treated more favorably;

    b. Negatively reviewing and evaluating and undue strictness when similarly situated persons outside Plaintiff's protected class were treated more favorably;

    c. Wrongfully terminating Plaintiff in violation of rules and procedures and disparately; and,

    d. Denying Plaintiff amenities of employment and other similar disparate treatment.

42. As a direct and proximate result of Defendants' discrimination, Plaintiff has suffered loss of wages including loss of back pay, loss of front pay, loss of amenities of employment, out-of-pocket expenses, emotional damages, humiliation, embarrassment, loss of reputation, and other similar harms, all to Plaintiff's great detriment.

43. Defendants' actions were willful and wanton and thus require the imposition of Punitive Damages.

44. Alternatively, as Defendants considered Plaintiff's race/color in the foregoing discrimination, Plaintiff is entitled to a charge for mixed-motive discrimination, which entitles Plaintiff to an award of Attorney's fees.

WHEREFORE, Plaintiff, Ramon De La Cruz, hereby demands judgment in his favor and against Defendant, Dart Container Corporation, and/or Defendant, Dart Container Corporation of Pennsylvania, for any and all damages deemed necessary and just by the Court.

## COUNT TWO
### Retaliation
*Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et. seq.*
### Plaintiff v. Defendants

45. Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

46. Plaintiff's complaints to Mr. Xionj and his complaint(s) to Human Resources, were protected activities.

47. Defendants' negative performance review of Plaintiff, discipline, reprimands, and termination of Plaintiff, were adverse employment actions that would likely dissuade a reasonable person from taking protected activity (i.e. making a complaint).

48. Defendants' adverse employment actions were after Plaintiff's protected activities.

49. There is a causal connection between Plaintiff's protected activities and Defendants' adverse actions as the temporal proximity between Plaintiff's protected activities and adverse actions were close to be unusually suggestive of retaliation, such that no further evidence of retaliation is necessary.

50. Alternatively, Plaintiff has evidence of animus and antagonism following his protected activity that raises an inference that the adverse actions was/were in retaliation for Plaintiff's protected activity / activities.

51. As a direct and proximate result of Defendants' retaliation, Plaintiff has suffered loss of wages including loss of back pay, loss of front pay, loss of amenities of employment, out-of-pocket expense, emotional damages, loss of reputation, and other similar harms, all to Plaintiff's great detriment.

52. Defendants' actions were willful and wanton and thus require the imposition of Punitive Damages.

53. Alternatively, as Defendants considered Plaintiff's protected activities in deciding to negatively review, discipline, reprimand, and/or terminate Plaintiff, Plaintiff is entitled to a charge for mixed-motive discrimination/retaliation, which entitles Plaintiff to an award of Attorney's fees.

WHEREFORE, Plaintiff, Ramon De La Cruz, hereby demands judgment in his favor and against Defendant, Dart Container Corporation, and/or Defendant, Dart Container Corporation of Pennsylvania, for any and all damages deemed necessary and just by the Court.

## COUNT THREE
### Discrimination and Retaliation
*Pennsylvania Human Relations Act, 43 P.S. § 951, et. seq.*
**Plaintiff v. Defendants**

54. Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

55. Defendants is/are an employer under the Pennsylvania Human Relations Act as it/they employ citizens of the Commonwealth of Pennsylvania, and because Defendants reside in the Commonwealth.

56. Plaintiff is protected under the Pennsylvania Human Relations Act and has the protected class of being Hispanic, Latino, (race, ethnicity, and color) and Dominican (national origin).

57. Defendants subjected Plaintiff to a discriminatory environment and disparately treated Plaintiff, and retaliated against Plaintiff, all on the basis of his race, ethnicity, color, and national origin, as alleged *Supra*.

58. As a direct and proximate result of Defendants' discrimination, Plaintiff has suffered loss of wages including loss of back pay, loss of front pay, loss of amenities of

employment, out-of-pocket expense, emotional damages, loss of reputation, and other similar harms, all to Plaintiff's great detriment.

59. Plaintiff seeks attorney's fees under the Pennsylvania Human Relations Act.

WHEREFORE, Plaintiff, Ramon De La Cruz, hereby demands judgment in his favor and against Defendant, Dart Container Corporation, and/or Defendant, Dart Container Corporation of Pennsylvania, for any and all damages deemed necessary and just by the Court.

Respectfully submitted,

DEREK SMITH LAW GROUP, PLLC

_____
CHRISTOPHER J. DELGAIZO, ESQUIRE
Attorney for Plaintiff

1835 Market Street, Suite 2950
Philadelphia, PA 19103
T: 215-391-4790
Fax: 215-501-5911
Email: Chris@dereksmithlaw.com

Date: March 13, 2023