**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| | : | |
| RAMON DE LA CRUZ | : | |
| Plaintiff | : | |
| v. | : | Civil Action 5:23-cv-965 |
| | : | |
| DART CONTAINER CORP. OF PA | : | |
| Defendant | : | |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUR-REPLY**
**TO RESPOND TO DEFENDANT'S REPLY BRIEF AND TO FURTHER OPPOSE**
**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff, Ramon De La Cruz, hereby moves the Court for leave to file a Sur-Reply to

respond to Defendant, Dart Container Corporation of Pennsylvania's, Reply and to further oppose

Defendant's Motion for Summary Judgment.

Pursuant to the Judge's policies and procedures (August 2017), a party must obtain

permission with a showing of good cause before filing a sur-reply brief. *See also* Hart v. Duke

Realty Ltd. P'ship, 2020 U.S. Dist. LEXIS 138361 at *8 n.4 (E.D. Pa., Aug. 4, 2020)

Plaintiff respectfully submits that good cause exists for leave to file the attached Sur-Reply,

to address and respond to the following arguments made by Defendant:

- First, Plaintiff seeks to address the argument that *Cortazzo v. City of Reading*, supports dismissal as there are certain factually significant differences that preclude any meaningful analogy. For starters, the protected activity in *Cortazzo* was the taking of a leave of absence (March to September); and not an employee complaining about a direct supervisor's discriminatory treatment. That activity henceforth became worse and more frequent after the protected activity, leading to Plaintiff's termination. Second, *Cortazzo's* claim of FMLA retaliation was weak from the outset as *Cortazzo* had exceeded the allotted leave permitted under the FMLA, and therefore was arguing outside-the-box on whether or not a failure to restore him to his former position was retaliatory. Third, the only evidence the plaintiff in *Cortazzo* submitted to bridge the gap in time between his leave of absence in March and his return in September or October was the bald allegation: "Defendants continued to harass him while he was on FMLA

leave." <u>Cortazzo v. City of Reading</u>, 2016 U.S. Dist. LEXIS 32915 at *18 (E.D. Pa., March 14, 2016).  Here, in contrast, over the course of 75 days, Plaintiff was subjected to worse and more frequent mistreatment (CSOF, ¶7, ¶10) (e.g. placed on harder machines, denied assistance, later lunch, required to hand pack when machine was not working)(CSOF ¶7, ¶8, ¶9, ¶12.) he returned to Human Resources to complain of retaliation, he requested a transfer to any other department in the company (CSOF, ¶10, ¶11), he was suspended (CSOF, ¶29), and he was terminated.  (CSOF, ¶21.)

- <u>Second</u>, Plaintiff seeks leave to file the Sur-Reply to reiterate that Senior Human Resources Business Partner Eric Rotz testified under Oath **"I don't recall if I did or I didn't"** inform Su Xiong that it was Plaintiff that had complained about him to Human Resources. (CSOF, ¶4)(RCSOF, ¶4.)

- <u>Third</u>, Senior Human Resources Business Partner Eric Rotz having failed to follow-up on Plaintiff's July 6, 2022 request to be transferred out of Building 3 and away from supervisor Su Xiong should serve as probative evidence of animus and antagonism during the time intervening Plaintiff's protected activity (June 9, 2022) and suspension and termination (August 25, 2022).  *See* <u>Chambers v. Pennsylvania</u>, 2020 U.S. Dist. LEXIS 145561 at *21-22 (E.D. Pa., Aug. 13, 2020)(finding that even time barred adverse actions can serve as probative evidence of antagonism and animus to support retaliation).  Here, the Defendant's failure to transfer Plaintiff is not even time barred.

- <u>Fourth</u>, Plaintiff has distinguished this case from those cases within this Circuit finding no sham investigation (i.e. *Money* and *West*) and Plaintiff has cited to federal case law, albeit outside the Circuit, which considers a fact pattern similar to his matter a basis to deem the investigation a sham. *See* <u>Hayes v. Advocate Health Care Network</u>, 2023 U.S. Dist. LEXIS 105570 (N.D. Ill, June 16, 2023) *and also* <u>Hollins v. Forest River, Inc.</u>, 2021 U.S. Dist. LEXIS 152782 (N.D. Ill., Aug 13, 2021)(denying MSJ on a claim of retaliation, finding sham investigation and *Cat's Paw* theory of liability). Plaintiff differentiates this matter from cases in the Circuit (i.e. *Money* and *West*) most notably with the fact Plaintiff never admitted to the alleged wrongful conduct that caused his termination. (CSOF, ¶46.)  *Money* had struck his co-worker and *West* had to return to the operating room.  In contrast, Defendant's Workplace Violence policy does not make touching or redirecting an employee a violation.  (CSOF, ¶37.)  Workers wear ear plugs. (CSOF, ¶45.)  The Defendant's Workplace Violence policy does prohibit "physically intimidating, harming, inappropriately touching, grabbing, punching, or making any verbal, nonverbal, and/or written threats of violence… (CSOF, ¶37.)  Mr. Rotz says Plaintiff violated the rule by "harming and inappropriately touching" Ms. Reyna.  (CSOF, ¶38 & ¶39.)  There is no evidence anywhere in Mr. Rotz's investigation, however, that Ms. Reyna was harmed.  As such, the Court would have to deem guiding

one's spouse at work in a loud manufacturing environment within the same classification as Workplace Violence inappropriate touching to put this matter in the same lens as *Money* and *West*.  Respectfully, this is a matter for a trier of fact.  Additionally, there is testimony that Mr. Xiong was trying to influence the investigation, and Mr. Rotz had drafted false witness statements, (i.e. Alexander Lantigua).  (CSOF, ¶54-60.)

- Fifth, there is evidence to support the *Cat's Paw* theory of retaliation as the Human Resources employee that investigated Plaintiff's complaints, Mr. Rotz, and the supervisor that Plaintiff had complained about, Mr. Xiong, were the ones that had initiated, influenced, and were directly involved in the recommendation to terminate.  *See* McKenna v. City of Philadelphia, 649 F.3d 171, 177 (3d Cir. 2011)(noting the *Cat's Paw* is applicable where a non-decisionmaker exerted such singular influence over the decisionmaker that the decision was no more than a rubber stamp of the non-decisionmaker's recommendation)(CSOF, ¶18-29.)  Mr. Rotz never had a recommendation to terminate rejected.  (CSOF, ¶23.)  Additionally, Mr. Xiong was involved in the animus and antagonisms to follow Plaintiff's complaints and he had made the decision to suspend Plaintiff during the investigation. (CSOF, ¶7-8, ¶29.)  Mr. Rotz failed to investigate Plaintiff's complaints of retaliation, and failed to follow-up on Plaintiff's request to be transferred.  (CSOF, ¶10-11, ¶16.)

A copy of the Plaintiff's proposed Sur-Reply is attached hereto as Exhibit "A".

Plaintiff, Ramon De La Cruz, respectfully requests that this Court grant his Motion for Leave to file a Sur-Reply.  Furthermore, Plaintiff, Ramon De La Cruz, respectfully requests that this Court deny Defendant, Dart Container Corporation of Pennsylvania's, Motion for Summary Judgment.

Respectfully submitted,

DEREK SMITH LAW GROUP, PLLC

By: */s/ Christopher J. DelGaizo, Esquire*
CHRISTOPHER J. DELGAIZO, ESQ.
Attorney for Plaintiff

*Attorney I.D.: 200594*
1628 Pine Street
Philadelphia, PA 19103
215-391-4790
Email: Chris@dereksmithlaw.com

Date: February 28, 2024

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| | : | |
| RAMON DE LA CRUZ | : | |
| Plaintiff | : | |
| v. | : | Civil Action 5:23-cv-965 |
| | : | |
| DART CONTAINER CORP. OF PA | : | |
| Defendant | : | |

**<u>CERTIFICATE OF SERVICE</u>**

I, Christopher J. DelGaizo, Esquire, hereby certify that a true and correct copy of *Plaintiff's Motion for Leave to File Sur-Reply to Respond to Defenant's Reply Brief and Further Oppose Defendant's Motion for Summary Judgment, and accompanying memorandum of law, and a true and correct copy of that Sur-Reply,* were all sent to the following via the Eastern District of Pennsylvania's ECF electronic filing system, as follows::

> David E. Renner, Esquire
> Sidney R. Steinberg, Esquire
> **Pierson Ferdinand, LLP**
> 333 E. Lancaster Avenue, #321
> Wynnewood, PA 19096
> *Counsel for Defendant*

> By: */s/ Christopher J. DelGaizo, Esquire*
> CHRISTOPHER J. DELGAIZO, ESQ.
> Attorney for Plaintiff

Date: <u>February 28, 2024</u>