**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **RAMON DE LA CRUZ,** | |
| **Plaintiff,** | |
| **v.** | **No. 5:23-cv-965** |
| **DART CONTAINER CORPORATION OF PENNSYLVANIA,** | |
| **Defendant.** | |

## <u>ORDER</u>

AND NOW, this _____ day of _____, 2024, upon consideration of Defendant's Motion *in Limine*, the papers submitted in opposition thereto, if any, and the argument of the parties, if any, it is hereby ORDERED as follows:  Defendant's Motion is **GRANTED**.  Neither Plaintiff, his witnesses, nor his counsel shall make any argument or reference, either directly or indirectly, in the presence of the jury, whether during *voir dire* or trial, or offer any evidence or testimony regarding the treatment of Hispanic employees of Dart or any alleged discrimination or disparate treatment of Plaintiff, or any other employee, on the basis of race or national origin other than in describing the meeting of June 9, 2022.

Failure to comply with this Order may result in the imposition of sanctions for contempt of Court.

**BY THE COURT:**

_____
**LEESON, JR., J.**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| |
|---|
| **RAMON DE LA CRUZ,** |
| **Plaintiff,** |
| **v.** |
| **DART CONTAINER CORPORATION OF PENNSYLVANIA,** |
| **Defendant.** |

**No. 5:23-cv-965**

**MOTION *IN LIMINE* TO EXCLUDE EVIDENCE
THAT ANY EMPLOYEE OF DEFENDANT WAS SUBJECTED TO
ANY ALLEGED DISCRIMINATION OR DISPARATE TREATMENT**

Defendant hereby moves *in limine* to preclude Plaintiff, his witnesses, and his counsel

from making any argument or reference, either directly or indirectly, in the presence of the jury,

whether during *voir dire* or trial, or offering any evidence or testimony regarding any alleged

discrimination or disparate treatment of any employee of Defendant, including Plaintiff, on the

basis of race or national origin other than in describing the meeting of June 9, 2022.  In support

of its Motion, Defendant relies upon the accompanying Brief in Support, which is incorporated

by reference herein

Respectfully submitted,

**PIERSON FERDINAND LLP**

Dated:  <u>March 13, 2024</u>          By:     <u>*/s/ David E. Renner*        </u>
                                         Sidney R. Steinberg
                                         sidney.steinberg@pierferd.com
                                         333 E. Lancaster Ave. #321
                                         Wynnewood, PA 19096
                                         610-806-5060

                                         David E. Renner
                                         david.renner@pierferd.com
                                         5990 University Boulevard, Box 148
                                         Moon Township, PA 15108
                                         412-746-1720

                                         *Counsel to Defendant*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **RAMON DE LA CRUZ,** | |
| **Plaintiff,** | |
| **v.** | **No. 5:23-cv-965** |
| **DART CONTAINER CORPORATION OF PENNSYLVANIA,** | |
| **Defendant.** | |

**BRIEF IN SUPPORT OF MOTION *IN LIMINE* TO EXCLUDE EVIDENCE
THAT ANY EMPLOYEE OF DEFENDANT WAS SUBJECTED TO
<u>ANY ALLEGED DISCRIMINATION OR DISPARATE TREATMENT</u>**

## I.     INTRODUCTION AND SUMMARY OF ARGUMENT

Plaintiff voluntarily withdrew his original claim for discrimination and disparate treatment when he filed his Amended Complaint.  *Compare* Compl. (ECF No. 1) *with* Am. Compl. (ECF No. 11).  This must mean ***something***, and in this case, it means that Plaintiff may not present evidence or argument of the withdrawn claim of alleged racial and national origin discrimination or disparate treatment at trial.  Further, whatever testimony/evidence of disparate treatment Plaintiff would even think of presenting would involve non-decision-makers and pre-date his June 9, 2022 protected activity.  Defendant Dart Container Corporation of Pennsylvania ("Dart") therefore brings this Motion to prevent Plaintiff from presenting such evidence.  Plaintiff's only remaining claim is that he was retaliated against for complaining of discrimination during a meeting with management on June 9, 2022.  While he may certainly describe what he said at this meeting, the only evidence which the jury needs, and which Plaintiff should be permitted to present, is what happened to him after the meeting.  Assertions of alleged racial discrimination or disparate treatment of Plaintiff preceding June 9, or the treatment of any

other Dart employee on the account of race or national origin, have no relevance and can only confuse the jury in its singular task.

To this end, Dart will not contest at trial that Plaintiff engaged in Title VII of the Civil Rights Act of 1964 ("Title VII") and Pennsylvania Human Relations Act (the "PHRA")-protected activity on June 9, 2022.  Importantly, Plaintiff has not made any allegation that Dart has engaged in a "pattern and practice" of discrimination or retaliation.  *See* Am. Compl.  As such, the only issue to be tried is whether Dart's post-June 9 actions, and particularly its decision to terminate Plaintiff, were retaliatory.

Despite the singular issue to be tried, Dart anticipates that Plaintiff will attempt to testify and offer what he may claim to be "evidence" regarding alleged racial/national origin discrimination against him and other Hispanic employees at Dart from the date of his hire in 2018 up to June 9, 2022.  These claims were part of the initial Complaint in this matter, which, as discussed, were withdrawn after Dart filed a Motion to Dismiss.  In withdrawing these claims, he has admitted there is no evidence to support them, and there is no genuine issue of fact to be decided by the jury.  Evidence as to those claims/allegations should not be part of the trial.

## II.    STATEMENT OF PERTINENT FACTS

While Plaintiff (Hispanic) began his employment at Dart's Leola, Pennsylvania facility as an Inspector/Packer II in 2018, the facts relevant to this case began on June 9, 2022.  On that date, Plaintiff reported to Ariadna Clark, Dart's then-Operations Manager, and Eric Rotz, Dart's then-Senior Human Resources Partner, that he felt he was being discriminated against on account of his race/national origin by Su Xiong (Asian), Dart's then-Production Supervisor, and an Operator, Nazhat Khalil (White).  It is undisputed that Plaintiff was terminated on September 1, 2022 by Ms. Clark and Fran Newlin Dart's then-Human Resources Manager following an investigation into his workplace behavior on August 24, 2022 conducted by Mr. Rotz and Mr.

Rotz's post-investigation recommendation.  The investigation determined that Plaintiff had violated Dart's Workplace Violence Policy when he acted aggressively toward Ana Reyna, his wife, by shoving or pushing her on the floor of Building 3.

On March 13, 2023, Plaintiff filed a 3-count Complaint alleging vague claims of race/ethnicity/color/national origin discrimination, disparate treatment, and retaliation under Title VII and the PHRA.  *See* Compl.  Dart moved to dismiss Plaintiff's Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  *See* ECF No. 10.  Rather than have the Court decide whether Count I, specifically containing his claims of race/ethnicity/color/national origin-discrimination and disparate treatment, was viable, Plaintiff filed an Amended Complaint alleging ***only*** that he was retaliated against in violation of Title VII and the PHRA.  *See* Am. Compl.  The Amended Complaint claims only that Dart's decision to terminate his employment on September 1, 2022 was in retaliation for his June 9, 2022 complaints of what he perceived to be race/national origin discrimination.  *See id.* [1]

During discovery, Plaintiff and a few former co-workers (*i.e.*, Ms. Reyna, Alexander Lantigua, and Luis Vicioso) repeatedly claimed that Mr. Xiong and Ms. Khalil did not like Hispanic employees and that Mr. Xiong treated Plaintiff and Hispanic employees less favorably than non-Hispanic employees.  This allegedly manifested itself in vague allegations of favoritism as to which machine Plaintiff was assigned to on any given day, Pl's Dep. 145:11-146:15, 148:11-16 (Ex. 1), as well as that Mr. Xiong directed Ms. Khalil to tell Plaintiff to clean up "the basement" at some unidentified time before June 9, 2022, *id.* at 137:16-19, 140:20-23, that he was

---

[1] While Plaintiff's Amended Complaint does allege that Plaintiff received a negative performance review in retaliation for his June 9, 2022 complaint, it is undisputed that this alleged negative performance review was issued to Plaintiff in January 2022.  As such, it is impossible for Dart to have retaliated against Plaintiff by issuing him a negative performance review 6 months ***before*** he engaged in any Title VII or PHRA-protected activity.

assigned to work in a different building on three separate days pre-dating June 2022, *id.* at 93:10-94:5, that Mr. Xiong surreptitiously forced the then-Inspector/Packer Supervisor Nina Gonzales to give him a poor review in January 2022, *id.* at 149:4-152:19; Reyna Dep. 54:2-19, 59:19-23 (Ex. 2), and that Mr. Xiong generally favored Ms. Khalil because, according to Plaintiff and Ms. Reyna, they were romantically involved, Reyna Dep. 56:19-57:14 (Ex. 2).

After the close of discovery, Dart filed its Motion for Summary Judgment (ECF No. 28). Dart's Motion for Summary Judgment has been fully briefed and is pending before this Court.

## III.     STATEMENT OF QUESTION INVOLVED

Should this Court exclude evidence, testimony, or attorney statements regarding any alleged discrimination/disparate treatment on the basis of race or national origin that Plaintiff or others claim they experienced at Dart other than in describing the meeting of June 9, 2022?

**Suggested Answer:  Yes.**

## IV.     ARGUMENT

### A.     The Expected Evidence/Testimony Is Irrelevant And Unfairly Prejudicial To Defendant.

Relevant evidence must have some "tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action."  Fed. R. Evid. 401.  Irrelevant evidence is not admissible. Fed. R. Evid. 402.  Federal Rule of Evidence 403 provides for the exclusion of relevant evidence "if its probative value is substantially outweighed by a danger of one or more of the following:  unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  This Court has the authority to grant a motion *in limine*, in advance of trial, which excludes inadmissible evidence, including any and all references by the parties, attorneys, and witnesses to the inadmissible evidence.  *See Luce v. U.S.*, 469 U.S. 38, 40 n.2 (1984).  Such a motion should be granted where, like here, the evidence is irrelevant, involves

matters not in dispute, would confuse the issues to be decided by the jury, waste time, and be unfairly prejudicial to Dart.

Evidence regarding claims that have not been asserted, that have been withdrawn, or that have been previously dismissed (*i.e.*, in this case, testimony/evidence regarding alleged discrimination and disparate treatment) has no relevance to the issues to be presented at trial, and courts routinely exclude evidence of such claims from trial. *See, e.g.*, *Boyer v. City of Phila.*, No. 13-6495, 2018 U.S. Dist. LEXIS 151709, at *12-16 (E.D. Pa. Sep. 5, 2018) (excluding, *in limine*, evidence regarding claims not asserted in plaintiff's operative complaint as irrelevant); *Allen v. Peake*, No. 08-1055, 2009 U.S. Dist. LEXIS 40606, at *2-3 (W.D. Pa. Mar. 14, 2009) (precluding plaintiff from presenting evidence regarding previously withdrawn/dismissed claims); *Papin v. Univ. of Miss. Med. Ctr.*, No. 17-763, 2021 U.S. Dist. LEXIS 180773, at *4 (S.D. Miss. Sep. 22, 2021) ("Any evidence about the fact that Dr. Papin brought Title VII claims [which he voluntarily withdrew] and any evidence that he is Hispanic or has Hispanic heritage will be excluded as irrelevant and prejudicial"); *Ramachandran v. City of Los Altos*, No. 18-1223, 2022 U.S. Dist. LEXIS 19307, at *1-3 (N.D. Cal. Feb. 2, 2022) (granting motion *in limine* precluding the plaintiff from offering any evidence or argument regarding any discrimination or disparate treatment claims that had been previously dismissed, holding that the plaintiff "will not be permitted to present *evidence* or *argument* in support of the discrimination allegations in the complaint or his equal protection claims, nor will he be permitted to present *evidence* or *argument* in support of the allegations underlying his 'history of complaints' to the City of Los Altos. [The plaintiff's] presentation at trial must be limited to evidence supporting his claim of retaliation for engaging in the protected activity at issue." (emphasis in original)); *Chislum v. Dep't of Corr.*, No. 01-4901, 2005 U.S. Dist. LEXIS 16024, at *6 (D.N.J. Aug. 2, 2005)

(excluding *in limine* any evidence of claims that were previously dismissed "as such evidence would be irrelevant and unduly prejudicial"); *see also Branch v. Brennan*, No. 17-777, 2019 U.S. Dist. LEXIS 140150, at *4-6 (W.D. Pa. Aug. 19, 2019); *Moore v. Univ. of Pittsburgh of Commonwealth Sys. of Higher Educ.*, No. 02-1734, 2005 U.S. Dist. LEXIS 46338, at *11-13 (W.D. Pa. Mar. 11, 2005); *Rodriguez v. Wash. Metro. Area Transit Auth.*, No. 19-3710, 2021 U.S. Dist. LEXIS 254674, at *2-3 (D.D.C. Dec. 7, 2021) (collecting cases).

The Court's holding in *Devine v. Pittsburgh Bd. of Pub. Educ.*, No. 13-220, 2015 U.S. Dist. LEXIS 158299, at *9-12 (W.D. Pa. Nov. 18, 2015), is instructive.  There, the court granted the defendant's motion *in limine* to exclude evidence of the plaintiff's claims that were previously dismissed, explaining:

> The Court held in its Summary Judgment Opinion that "No reasonable jury could conclude, based on the evidentiary record in this case, that Devine's alleged opposition to the Rehabilitation Act caused her to be placed on an improvement plan or rated unqualified."  She will not be permitted to present a "back door" version of this retaliation theory to the jury.  As explained above, Plaintiff must prove that she was discriminated against because of her race – she will not be permitted to conflate "seeking student support services" with her race.

> To be clear, it is not relevant for Plaintiff to try to prove that she had several students with serious support needs or that "Devine was overburdened due to factors that were beyond her control and that the unsatisfactory rating was not warranted." . . . Devine cannot challenge the accuracy of her unsatisfactory rating by attempting to convince the jury that she was a good teacher and/or had a tough group of students.  The question is not whether the employer made the best, or even a sound, business decision; it is whether the real reason is discrimination.

*Id.*  Like in *Devine*, because Plaintiff has withdrawn his discrimination and disparate treatment claim, Plaintiff has admitted that no reasonable jury could conclude that he was subjected to race/national origin discrimination or disparate treatment.  Accordingly, Plaintiff should not be permitted to attempt to "back door" such irrelevant "evidence" into any trial in this matter.

Consideration of Plaintiff's burden of proof highlights the irrelevancy of Plaintiff's expected testimony and "evidence" of disparate treatment.  To prevail at trial, Plaintiff must

prove that Dart took a materially adverse employment action on September 1 against him after

he complained on June 9 and that his complaint (*i.e.*, his "protected activity") was a but-for cause

of Dart's adverse action.  *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 362 (2013);

*Moore v. City of Philadelphia*, 461 F.3d 331, 340-41 (3d Cir. 2006).

The only evidence will be that Ms. Clark and Ms. Newlin made the decision to terminate

Plaintiff following the investigation by and at the recommendation of Mr. Rotz.  There is no

**evidence** (and in response to Dart's Motion for Summary Judgment, Plaintiff does not even

claim) that Mr. Xiong or Ms. Khalil played any role in the termination decision.  Rotz Dep.

49:21-50:2, 111:8-17, 113:14-17, 120:7-9, 125:5-23 (Ex. 3); Pl's Resp. to Mot. for Summ. J.

(ECF No. 30-2); Pl's Sur-Reply in Opp'n to Mot. for Summ. J. (ECF No. 35).  As a matter of

law, therefore, the only evidence relevant to the jury should be that directed at whether the June

9 complaint was a "but-for" cause of his termination.  *See, e.g.*, *Paradoa v. Phila. Housing Auth.*,

No. 13-6012, 2014 U.S. Dist. LEXIS 75199, at *26-28 (E.D. Pa. June 2, 2014) (explaining that

only "the perception of the decision maker" matters (citing *Billups v. Methodist Hosp. of

Chicago*, 922 F.2d 1300, 1304 (7th Cir. 1991)), *aff'd*, 610 F. App'x 163 (3d Cir. 2015); *Martin v.

Healthcare & Retirement Corp.*, 67 F. App'x 109, 113 (3d Cir. 2003) ("the question is whether

[the decision-maker] actually believed the descriptions of the incidents to be accurate . . . .

Martin did not introduce any evidence suggesting that [the decision-maker] did not believe the

incidents relayed"); *Harding v. Careerbuilder, LLC*, 168 F. App'x 535, 540 (3d Cir. 2006) (to

succeed on the plaintiff's claim the plaintiff must present evidence that "CareerBuilder

management did not in fact believe that [Harding's] performance was inadequate").

As noted, Mr. Rotz and Ms. Newlin are HR managers, and there is no allegation, much

less evidence, that Ms. Clark played a role in the minute-to-minute functions of third shift

Inspector/Packers in Building 3.  That is, there is no evidence that any of the allegedly retaliatory decision-makers had anything to do with the allegations of disparate treatment about which Plaintiff is expected to testify.  In this light, rhetorically, how could testimony that Mr. Xiong made (what Plaintiff claims to have been) unfavorable machine assignments (or any of the other allegations of disparate treatment before June 9 or any allegation of disparate treatment as to any other Hispanic employee) make it more likely that Ms. Clark, Mr. Rotz, or Ms. Newlin terminated Plaintiff for his June 9 complaints?  It logically does not.

Notably, there is no evidence that any similarly situated non-Hispanic employee was treated better than Plaintiff.  In opposition to Dart's Motion for Summary Judgement, Plaintiff tacitly admitted as much because he could not come forward with any evidence of any employee who was treated better than him.  *See generally* Pl's Resp. to Mot. for Summ. J.; Pl's Sur-Reply in Opp'n to Mot. for Summ. J.  Nowhere in his opposition papers does Plaintiff even attempt to argue that any other non-Hispanic employee was treated better than he was.  *Id.*  The complete lack of **evidence** that Plaintiff was subject to disparate treatment or that Mr. Xiong or Ms. Khalil were generally biased against Hispanic employees renders any assertion to the same at trial entirely speculative and, as such, unreliable and unworthy of the jury's consideration.  *See United States v. Booker*, No. 95-211, 1997 U.S. Dist. LEXIS 5928, at *6 (E.D. Pa. Apr. 24, 1997) (excluding "evidence of prior unfounded or unsubstantiated allegations").  Unsubstantiated allegations "offer[] little indicia of reliability," and testimony about them is "of limited probative value."  *Dicks v. United States*, No. 09-2614, 2010 U.S. Dist. LEXIS 151000, at *15 (E.D. Pa. Sept. 8, 2010) (quoting *United States v. Wilson*, 303 F. App'x 350, 355 (7th Cir. 2008)).

Moreover, Plaintiff's failure/inability to identify similarly situated non-Hispanic employees with whom he compares himself waives any such claim for purposes of trial. *See, e.g.*, *Reeves v. Travelers Cos.*, 296 F. Supp. 3d 687, 692 (E.D. Pa. 2017) ("When a party opposing summary judgment responds to a summary judgment motion 'but fails to address the substance of any challenge to particular claims, that failure 'constitutes an abandonment of th[o]se causes of action and essentially acts as a waiver of th[o]se issues''" (citations omitted) (alteration in original)); *Nykiel v. Borough of Sharpsburg*, 778 F. Supp. 2d 573, 588 (W.D. Pa. 2011) ("Failing to respond constitutes an abandonment of those claims" (citations omitted)).

As such, the only "support" (such as it is) Plaintiff has for any claim of discrimination/disparate treatment is his and his coworkers' subjective beliefs that Mr. Xiong or Ms. Nazhat did not like Hispanic employees. The perceptions, speculations, and beliefs of witnesses, however, are not evidence and should be excluded. It would be irrelevant for Plaintiff to testify or to ask his witnesses about their perceptions of whether Mr. Xiong or Ms. Nazhat acted with discriminatory intent toward Plaintiff (or any other employee) without specific facts to support such belief. A plaintiff may not raise an inference of discriminatory intent using "the subjective belief of third-parties." *Gulati v. Chao*, No. 17-6271, 2019 U.S. Dist. LEXIS 161849, at *21 (D.N.J. Sept. 23, 2019); *see also Karlo v. Pittsburgh Glass Works, LLC*, No. 10-1283, 2016 U.S. Dist. LEXIS 1087, at *23 (W.D. Pa. Jan. 6, 2016) (excluding testimony and evidence related to "whether others perceived age discrimination or retaliation [and] whether Plaintiff(s) believed that [defendant] targeted 'older' workers in its reductions in force"); *Wade v. Home Depot USA, Inc.*, No. 14-2388, 2016 U.S. Dist. LEXIS 7066, at *10-12 (W.D. La. Jan. 19, 2016) (witness testimony that employer "discriminates against blacks" and that there is a "general atmosphere of discrimination" is inadmissible when based on witnesses' "own subjective belief

and speculation").  In *Keiser v. Borough of Carlisle*, for example, the court granted a motion *in limine* to prohibit a former member of a town council from offering her opinion that age played a role in the decision to terminate the plaintiff's employment.  No. 15-450, 2017 U.S. Dist. LEXIS 150495, at *16-18 (M.D. Pa. Sept. 18, 2017).  As such, any testimony or other evidence of a witness's perception of discrimination or disparate treatment at Dart does not shed light on whether Plaintiff's June 9, 2022 report to Mr. Rotz and Ms. Clark was a "but-for" cause of Plaintiff's termination, and the Court should exclude it.

Even if testimony/evidence of pre-June 9, 2022 actions by Mr. Xiong or Ms. Khalil are somehow relevant to Plaintiff's retaliation claim, any such relevance is outweighed by its undue prejudice to Dart and confusion of the issues.  Undue prejudice arises where evidence "may cause a jury to base its decision on something other than the established propositions in the case." *Carter v. Hewitt*, 617 F.2d 961, 972 (3d Cir. 1980).  Evidence that Plaintiff or others may have perceived certain actions at Dart as discriminatory may cause jurors to conclude "where there's smoke, there's fire"—that is, they might believe that Plaintiff was retaliated against by the decision-makers after June 9, 2022 because he and others believed that Mr. Xiong and Ms. Nazhat somehow discriminated against or did not like Hispanic employees.  If the jury were to decide this case on those grounds, its decision would be based on something other than the established propositions in the case.  This is the precise type of unfair prejudice courts exclude evidence of this nature to avoid.  *See Bhaya v. Westinghouse Elec. Corp.*, 922 F.2d 184, 188 (3rd Cir. 1990) ("[e]vidence that a party committed wrongs other than those at issue in a case often creates a danger of 'unfair prejudice' because such evidence may influence a jury to return a verdict based on a desire to punish for the other wrongs"); *Lund v. Henderson*, 807 F.3d 6, 11-12

(1st Cir. 2015) (holding exclusion of evidence of prior complaints of improper conduct was justified because evidence "clearly would have posed a threat of unfair prejudice").

Moreover, this single-plaintiff claim deals exclusively with whether Plaintiff's complaint resulted in his termination. If evidence regarding perceived discrimination/disparate treatment is permitted to be introduced at trial, the trial will turn into multiple mini-trials over (for example) which supervisor assigned Plaintiff to work on Line XX on Date YY, which Inspector/Packers were assigned to that Line on that date (on which there has been no discovery and of which there is no evidence), their nationalities (again, there has been no discovery regarding comparator evidence), and how Plaintiff's assignment on that date compares with ghost comparators. This is obviously unworthy of the Rules of Evidence. Nor should Plaintiff or any of his witnesses be permitted to testify as to how any of them "feel" about Dart, and particularly working in the same building as Mr. Xiong and Ms. Khalil (note that there is no allegation that either made any discriminatory or harassing statements). Such testimony would inevitably side-track the jury into consideration of issues that have nothing to do with whether Plaintiff was retaliated against after his June 9 complaint. Accordingly, the testimony/evidence should be excluded. *See, e.g.*, *White v. Wireman*, 500 F. Supp. 3d 327, 333 (M.D. Pa. 2020) (excluding evidence of other claimed discriminatory actions holding that "[s]uch evidence is indeed irrelevant under Rule 401 and 402 since it does not have a tendency to make the existence of any fact of consequence more or less probable than it would be without the evidence" and "even if such information were minimally relevant, its probative value would be substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, and wasting time"); *Karlo*, 2016 U.S. Dist. LEXIS 1087, at *16 (W.D. Pa. Jan. 6, 2016) (holding that evidence regarding other claims of discrimination would "turn the trials into a series of 'mini-trials,'"

11

which"amount[] to a substantial waste of the jury's time"); *Moorhouse v. Boeing Co.*, 501 F. Supp. 390, 394 (E.D. Pa. 1980) (holding that having witnesses "recount the isolated actions taken against them individually [(unrelated to the alleged actions at issue)] would be of limited probative value to show the existence of a pattern or practice in any event, and given the complex trial circumstances of these six cases, the evidence was properly excluded under Rule 403"), *aff'd*, 639 F.2d 774 (3d Cir. 1980); *Bradford v. UPMC*, No. 04-316, 2008 U.S. Dist. LEXIS 5790, at *5 (W.D. Pa. Jan. 18, 2008) ("Evidence of discriminatory actions taken against other employees within the same protected class as the plaintiff is usually excluded either on relevance grounds or as unfairly prejudicial under Federal Rule of Evidence 403, unless there is substantial similarity between the decisionmakers, the time frame, and the type of action about which the co-workers offer to testify and the plaintiff's circumstance" (citing *Moorhouse, supra.*)); *Wyvill v. United Cos. Life Ins. Co.*, 212 F.3d 296, 303 (5th Cir. 2000) (finding reversible error and that "the district court substantially prejudiced [the defendant], forcing it to respond to each witness's claims [regarding their experiences with the employer], and creating, in effect, several 'trials within a trial'"); *Gethers v. McDonald*, No. 15-177, 2017 U.S. Dist. LEXIS 65676, at *6 (D. Conn. May 1, 2017) (holding that the plaintiff cannot offer "his coworkers' experiences with alleged discrimination as evidence of a pattern or practice of discriminatory employment practices," because such evidence is inadmissible); *Mooney v. Aramco Svcs Co.*, 54 F.3d 1207, 1220-21 (5th Cir. 1995) (Anecdotes about other employees cannot establish that discrimination was a company's standard operating procedure unless those employees are similarly situated to the plaintiff).

Moreover, evidence regarding discrimination or disparate treatment is also "likely to confuse the factfinders" and "could bias the jury against [Dart], thus prejudicing [it] with respect

to" Plaintiff's claims. *Karlo*, 2016 U.S. Dist. LEXIS 1087, at \*22.  For example, if the jury feels sympathetic regarding one or more witnesses' perceptions that they were mistreated at Dart on account of being Hispanic, it could seek to punish Dart for those (alleged) wrongs even if the jury does not find that Dart retaliated against Plaintiff.  *Wade*, 2016 U.S. Dist. LEXIS 7066, at \*10-12 ("[M]arginal relevance" of evidence of discrimination against others is "substantially outweighed by unfair prejudice and confusion of the issues"); *Locke v. Jefferson Hills Manor*, No. 18-1260, 2020 U.S. Dist. LEXIS 163263, at \*12 (W.D. Pa. Sept. 8, 2020) ("Evidence that a party committed wrongs other than those at issue in a case often creates a danger of 'unfair prejudice' because such evidence may influence a jury to return a verdict based on a desire to punish for the other wrongs").

Additionally, such evidence is likely to confuse and mislead the jury regarding the actual issue to be tried because, if Plaintiff is permitted to present evidence regarding alleged discrimination and disparate treatment of Hispanic employees, it will be forced to wade through countless vague allegations regarding what Plaintiff (and others) claim happened to them that have nothing to do with whether Dart retaliated against Plaintiff for his June 9 complaint.  Dart would also be forced to respond to each alleged instance of disparate treatment, which will almost certainly bog down any trial and overwhelm the jury with lengthy testimony regarding collateral matters not at issue in this case.  As such, Plaintiff should not be permitted to confound the issues to be tried in this matter by presenting vague "evidence" dating back many years that:

- Plaintiff did not receive help when a machine was out of order, and Plaintiff needed to "do it all by hand." Reyna Dep. 34:4-35:8 (Ex. 2).

- Mr. Xiong did not give Plaintiff, Ms. Reyna, and other Hispanic employees what they perceived to be sufficient help when working on certain machines.  Pl's Dep. 145:11-146:15, 148:11-16 (Ex. 1); Reyna Dep. 38:11-21 (Ex. 2).

- Plaintiff did not like his assigned lunch break.  Pl's Dep. 130:4-131:14, 133:2-11 (Ex. 1); Reyna Dep. 67:12-13 (Ex. 2).

- Mr. Xiong had family working at Dart.  Reyna Dep. 57:15-17 (Ex. 2).

- Mr. Xiong moved Plaintiff from one machine to another.  *Id.* at 59:9-12.

- Ms. Khalil acted like a supervisor.  Pl's Dep. 117:18-118:1 (Ex. 1).

The above list is merely a few examples of the claims Dart anticipates Plaintiff will attempt to use to confuse and mislead the jury from the ultimate issue in this matter.  Notably, none of this evidence sheds any light on whether Ms. Clark and Ms. Newlin did not legitimately believe that Plaintiff violated Dart's Workplace Violence Policy on August 24, 2022, or whether Plaintiff was retaliated against for his June 9 complaint.

Even if this Court were to conclude that some or all of this evidence might be marginally relevant and otherwise admissible (which it is not), if it is introduced, the Court will be forced to preside over – and defendants will be forced to defend against – numerous collateral matters to be tried within the main trial.  These mini-trials would concern actions by individuals who were not the decision makers and who were not involved at all in the decision to terminate Plaintiff's employment.  In many instances, they would concern events that occurred many years before the events actually in controversy here and to unrelated third parties.  Furthermore, by admitting this evidence, the jury will hear an overabundance of tangential, collateral, and irrelevant issues, which will undoubtedly confuse its consideration of the true issues in this case (*i.e.*, what happened to Plaintiff between June 9 and September 1).  There would be at least several extra days of trial time, and ultimately, should this evidence be admitted, Dart will be unfairly prejudiced in its defense.  Therefore, this evidence should be excluded.  *See, e.g.*, *Cooper v. Pa. Human Relations Comm'n*, No. 19-2230, 2022 U.S. Dist. LEXIS 146708, at *6-7 (M.D. Pa. Aug. 16, 2022) ("The presentation of . . . evidence concerning . . . unrelated matters is potentially prejudicial, confuses the issues at trial, and would result in undue delay as the parties litigated collateral matters that are not directly related to Cooper's retaliatory discharge claim"); *TC Tech.*

*LLC v. Sprint Corp.*, No. 16-153, 2019 U.S. Dist. LEXIS 180262, at *7 (D. Del. Oct. 18, 2019)

(the court excluded evidence regarding parties and matters not to be tried stating "[t]his case is

not about the VoIP patents or the prior VoIP litigations and any evidence of such presented at

trial will serve only to confuse the issues, mislead the jury, and use up extremely limited trial

time"); *Zaengle v. Rosemount, Inc.*, No. 08-2010, 2014 U.S. Dist. LEXIS 9991, at *11 (E.D. Pa.

Jan. 28, 2014) (excluding evidence regarding matters not pending before the court, holding that

"[t]he jury will be confused to the prejudice of defendant if permitted to consider allegations that

Mr. Thomas discriminated against plaintiff by changing her territory because she took FMLA

leave, eight years prior to the discriminatory and retaliatory actions at issue in this litigation").

### B.    The Expected Evidence/Testimony Is Inadmissible Character Evidence.

The expected evidence and testimony regarding the perceived treatment of Hispanic

employees of Dart and other's perceptions regarding alleged discrimination at Dart, in addition

to being inadmissible under Federal Rules of Evidence 401, 402, and 403, is also inadmissible as

impermissible character evidence.

Dart anticipates Plaintiff will attempt to offer evidence regarding his and other's

perception that Mr. Xiong and Ms. Nazhat did not like Hispanic employees and treated Asian

employees better than Hispanic employees, as well as their experiences at Dart to show that Mr.

Xiong has a certain character or trait—a propensity for disrespecting or mistreating Hispanic

employees.  This character evidence cannot be offered to show that on a particular occasion,

when Mr. Xiong reported Ms. Khalil's report that Plaintiff had pushed/shoved his wife to Mr.

Rotz, they acted in conformity with their alleged character.  Fed. R. Evid. 404(b).

"To the extent plaintiff seeks to establish defendant's 'propensity' for discrimination,

Federal Rule of Evidence 404(b) explicitly precludes use of 'other acts' evidence for such a

purpose."  *Giuliani v. Polysciences, Inc.*, 275 F. Supp. 3d 564, 574 (E.D. Pa. 2017) (citing *Ansell*

*v. Green Acres Contracting Co.*, 347 F.3d 515, 520 (3d Cir. 2003)); *see also Bell v. Gonzales*, No. 03-163, 2005 U.S. Dist. LEXIS 37879, at *6 (D.D.C. Dec. 23, 2005) ("Although Rule 404(b) allows evidence of other acts of retaliation to show motive or intent, the proffered evidence must meet a threshold level of similarity").

Moreover, to be admissible, the probative value of the evidence must not be substantially outweighed by the danger of unfair prejudice. *Giuliani*, 275 F. Supp. 3d at 574. As argued above, the probative value of the expected evidence/testimony is substantially outweighed by the danger of unfair prejudice and confusing the issues. *See Bhaya*, 922 F.2d at 188, 188 n. 5 (stating evidence of alleged labor law violations, which were not at issue, was a "textbook example of unfair prejudice" and comparing it to those excluded under Fed. R. Evid. 404(b)). For all these reasons, the Court should exclude any evidence and testimony regarding Plaintiff's withdrawn claims of discrimination/disparate treatment, the treatment of Hispanic employees of Dart, other's perceptions regarding alleged discrimination at Dart, and that any action taken against Plaintiff prior to June 9, 2022 was discriminatory in any manner.

## C.    The Expected Evidence/Testimony Is Inadmissible Lay Opinion Testimony.

The expected evidence and testimony regarding the perceived treatment of Hispanic employees of Dart and other's perceptions regarding alleged discrimination at Dart, in addition to being inadmissible under Federal Rules of Evidence 401, 402, 403, and 404, is also inadmissible as impermissible lay opinion testimony.

It is expected that Plaintiff will attempt to elicit testimony that Mr. Xiong and Ms. Khalil did not like Hispanic employees or that Ms. Xiong or Ms. Khalil disparately treated Hispanic employees at Dart. However, as noted above, the only basis for this expected testimony is the personal perceptions, speculations, beliefs, and opinions of the witnesses.

16

Notably, the Federal Rules of Evidence recognize that such lay opinion testimony is particularly problematic and place limits on what may be admitted as lay opinion evidence.  In particular, Federal Rule of Evidence 701 governs the admissibility of lay opinion testimony and provides that:

> If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:
>
> > (a) rationally based on the witness's perception;
> >
> > (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and
> >
> > (c) not based on scientific, technical, or other specialized knowledge within the scope of

In order to be admitted into evidence, a lay opinion must satisfy all of the criteria set forth in Rule 701.  *Hirst v. Inverness Hotel Corp.*, 544 F.3d 221, 225 (3d Cir. 2008).  This means that the proffered opinion evidence must meet Rule 701's dual requirements that the evidence be both rationally based on the witness's perception and helpful to clearly understand the witness's testimony or to determine a fact in issue.  Thus, as a threshold matter, any lay opinion must rest upon "'firsthand knowledge of the factual predicates that form the basis for the opinion.'"  *Id.* (citations omitted).

"Second, lay opinion testimony must be 'helpful to a clear understanding of the witness' testimony or the determination of a fact in issue.'"  *Id.* at 226 (quoting Fed. R. Evid. 701(b)). Importantly, it has been recognized that "'seldom will be the case when a lay opinion on an ultimate issue will meet the test of being helpful to the trier of fact since the jury's opinion is as good as the witness' and the witness turns into little more than an 'oath helper.'"  *Id.* (citations omitted).

Here, assuming that any witness was only testifying as to their firsthand observations and experiences of alleged discrimination/disparate treatment,[2] such evidence should still be excluded as impermissible opinion testimony because, as noted above, whether or not Plaintiff was discriminated against is not a "fact in issue" in this case because Plaintiff has withdrawn his discrimination and disparate treatment claim.  Since whether any discrimination or disparate treatment occurred at Dart is not a "fact in issue" in this matter, such opinion testimony must be excluded.  *See* Fed. R. Evid. 701(b); *Hirst*, 544 F.3d at 225-26.

Moreover, courts routinely exclude lay opinion testimony that someone's conduct was retaliatory or discriminatory as not helpful.  *See, e.g.*, *Keiser*, 2017 U.S. Dist. LEXIS 150495, at *13; *Russ-Tobias v. Pa. Bd. of Prob. & Parole*, No. 04-0270, 2006 U.S. Dist. LEXIS 8062, at *48-49 (E.D. Pa. Mar. 2, 2006); *Phillips v. Potter*, No. 07-815, 2009 U.S. Dist. LEXIS 73601, at *16 (W.D. Pa. Aug. 19, 2009); *Chirdo v. Minerals Techs., Inc.*, No. 06-5523, 2009 U.S. Dist. LEXIS 33508, at *2-4 (E.D. Pa. Apr. 20, 2009).  This Court should hold the same and exclude the expected opinion evidence and testimony regarding the perceived treatment of Hispanic employees of Dart and other's perceptions regarding alleged discrimination at Dart.

## V.     CONCLUSION

For all of the foregoing reasons, Dart respectfully requests that this Court grant its Motion and enter an Order precluding Plaintiff, his witnesses, and his counsel from making any argument or reference, either directly or indirectly, in the presence of the jury, whether during

---

[2] Obviously, any witness lacking personal knowledge is incompetent to testify.  *See* Fed. R. Evid. 601, 602; *Lewis v. City of Philadelphia*, No. 03-2310, 2004 U.S. Dist. LEXIS 23499, at *5-7 (E.D. Pa. Nov. 19, 2004) (precluding testimony of a police officer who was not present at the scene of the incident and had no personal knowledge of the events giving rise to the lawsuit); *see also Meyer Chatfield Corp. v. Century Bus. Servs.*, No. 05-3673, 2010 U.S. Dist. LEXIS 83170, at *3-5 (E.D. Pa. Aug. 12, 2010) (precluding witness from testifying regarding reasons for termination decision at issue where the witness had no knowledge regarding the decision at issue).

*voir dire* or trial, or offering any evidence or testimony regarding any alleged discrimination or disparate treatment of any employee of Defendant, including Plaintiff, on the basis of race or national origin other than in describing the meeting of June 9, 2022.

Respectfully submitted,

**PIERSON FERDINAND LLP**

Dated: <u>March 13, 2024</u>        By:    */s/ David E. Renner*
                                             Sidney R. Steinberg
                                             sidney.steinberg@pierferd.com
                                             333 E. Lancaster Ave. #321
                                             Wynnewood, PA 19096
                                             610-806-5060

                                             David E. Renner
                                             david.renner@pierferd.com
                                             5990 University Boulevard, Box 148
                                             Moon Township, PA 15108
                                             412-746-1720

                                             *Counsel to Defendant*

## <u>CERTIFICATE OF NON-CONCURRENCE</u>

On behalf of Defendant, and pursuant to the Court's Policies and Procedures, I hereby certify that Defendant has sought concurrence in its Motion *In Limine* To Exclude Evidence That Any Employee Of Defendant Was Subjected To Any Alleged Discrimination Or Disparate Treatment, and that as of the time of filing this Motion, Plaintiff's counsel has not responded to advise whether Plaintiff does or does not concur.

Respectfully submitted,

**PIERSON FERDINAND LLP**

Dated:  <u>March 13, 2024</u>          By:      <u>*/s/ David E. Renner*          </u>
Sidney R. Steinberg
sidney.steinberg@pierferd.com
333 E. Lancaster Ave. #321
Wynnewood, PA 19096
610-806-5060

David E. Renner
david.renner@pierferd.com
5990 University Boulevard, Box 148
Moon Township, PA 15108
412-746-1720

*Counsel to Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this date, the foregoing Motion *In Limine* To Exclude Evidence

That Any Employee Of Defendant Was Subjected To Any Alleged Discrimination Or Disparate

Treatment, with accompanying Brief in Support, has been electronically filed with the Court and

is available for viewing and downloading from the ECF System and thereby has been served

upon the following counsel of record, electronically:

Christopher J. DelGaizo
Derek Smith Law Group, PLLC
1835 Market Street, Suite 2950
Philadelphia, PA 19103
Chris@dereksmithlaw.com

*Counsel to Plaintiff*

**PIERSON FERDINAND LLP**

Dated: <u>March 13, 2024</u>          By:     */s/ David E. Renner*
Sidney R. Steinberg
sidney.steinberg@pierferd.com
333 E. Lancaster Ave. #321
Wynnewood, PA 19096
610-806-5060

David E. Renner
david.renner@pierferd.com
5990 University Boulevard, Box 148
Moon Township, PA 15108
412-746-1720

*Counsel to Defendant*